UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00210-FDW (3:08-cr-97-FDW)

| | |
|---|---|
| KELVIN GERARD MOSS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on Kelvin Gerard Moss's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, in which he seeks relief pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. No. 1). The Court held this matter in abeyance beginning September 19, 2016, pending the Supreme Court's decision in Beckles v. United States, and the stay was lifted on May 18, 2018. The government filed a Response to Petitioner's Motion (Doc. No. 10) on August 22, 2018, and Petitioner, represented by counsel, filed a Reply (Doc. No. 12) on September 10, 2018. Accordingly, the matter is ripe for the Court's review.

I.  Background

Petitioner was convicted by a jury of armed bank robbery, using and carrying a firearm brandished during and in relation to a crime of violence, possession of a firearm by a convicted felon, and escape from custody. (3:08-cr-97, Doc. No. 81, p.4).

The Presentence Investigation Report ("PSR") scored the base offense level for Count One, bank robbery, as 20 plus a total of three levels for specific offense characteristics, resulting in an adjusted offense level subtotal of 23. (Id. at 6). The PSR also scored the base offense level for

1

Count Three, possession of firearm by convicted felon, as 24, and Count Four, escape from custody, as 13. (Id. at 7). However, Petitioner qualified for a Chapter Four career offender enhancement with a base offense level of 37 because he had at least two prior felony convictions for a crime of violence or controlled substance offense. (Id. at 8). Petitioner had 9 criminal history points and a criminal history category of VI, and further, the criminal history category for career offenders is VI. (Id. at 12). The resulting advisory guideline range was life imprisonment. (Id. at 16).

The Court adopted the PSR without change (3:08-cr-97, Doc. No. 93) and sentenced Petitioner to a term of life imprisonment to run concurrently for Counts One and Three, life imprisonment to run consecutively with Counts One and Three for Count Two, and sixty months imprisonment to run concurrently with the other terms for Count Four. (3:08-cr-97, Doc. No. 92, p.2). Petitioner appealed, and the Fourth Circuit affirmed by unpublished per curiam opinion on September 7, 2011. See United States v. Moss, No. 10-5119 (4th Cir. Sept. 7, 2011); (3:08-cr-97, Doc. No. 107).

Petitioner filed the instant successive § 2255 Motion to Vacate on May 3, 2016 (Doc. No. 1) with authorization of the Fourth Circuit (3:08-cr-97, Doc. No. 113-1). He argues that his prior convictions are not crimes of violence in light of Johnson v. United States, 135 S.Ct. 2551 (2015), and accordingly his life sentences are violations of due process. The Court granted Respondent's Motion to stay these proceedings pending the outcome of Beckles v. United States, No. 15-8455. (Doc. No. 6). Following Beckles' issuance, 137 S.Ct. 886, 894 (2017), the Government filed a Response, (Doc. No. 10), arguing that Petitioner's sentencing claim is procedurally defaulted on a

successive motion under § 2255, meritless, and alleges a harmless error. Petitioner has filed a Response, (Doc. No. 12), in which he reiterates his Johnson claim.

## II. Standard of Review

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. Discussion

Petitioner argues that three sentencing provisions and statutes contain an unconstitutionally vague residual clause and this Court erroneously applied those statutes in determining his sentence at the time it was imposed. Specifically, Moss challenges as unconstitutionally vague: the career-offender guideline, U.S.S.G. § 4B1.1(a); the "three strikes" statute, 18 U.S.C. § 3559(c)(1); and the Armed Career Criminal Act, 18 U.S.C. § 924(e).

In <u>Johnson</u>, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, which is a retroactively applicable right following <u>Welch v. United States</u>, 136 S.Ct. 1257, 1265 (2016). Pursuant to <u>Johnson</u>, a defendant who was sentenced under the ACCA to a mandatory minimum term in prison based on a prior conviction that satisfies only the residual clause of the ACCA's "violent felony" definition is entitled to relief from his sentence. <u>See</u> <u>Johnson</u>, 135 S. Ct. at 2558. The <u>Johnson</u> Court left intact the remainder of the ACCA's "violent felony" definition, including the four enumerated offenses and the "force clause." <u>Id.</u> at 2563.

Moss contends that the holding in <u>Johnson</u> applies equally to the career-offender provisions of the Sentencing Guidelines and the "three strikes" statute, 18 U.S.C. § 3559(c)(1).

However, <u>Johnson</u> does not apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." <u>Beckles v. United States</u>, 137 S.Ct. 886, 894 (2017). Additionally, <u>Johnson</u> did not announce a right not to be sentenced under other "residual clauses" regardless of their similarity to that of the ACCA. <u>See</u> <u>United States v. Brown</u>, 868 F.3d 297, 302 (4th Cir. 2017) (explaining "<u>Johnson</u> dealt only with the residual clause of the ACCA"). The Supreme Court has never announced a prohibition against applying the "three strikes" statute's residual clause to increase a defendant's sentence and did not do so in <u>Johnson</u>. The Court therefore dismisses Moss's claims regarding the career-offender guideline, U.S.S.G. § 4B1.1(a), or the "three strikes" statute, 18 U.S.C. § 3559(c)(1).

---

[1] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

Turning to Moss's ACCA-related claim, for Johnson to apply here this Court must have relied exclusively on the ACCA's residual clause to find a "violent felony" necessary to apply the statute's sentencing enhancement. See Kane v. United States, No. 1:16-cv-00146, 2016 WL 7404720, at *3 (W.D.N.C. Dec. 21, 2016), aff'd per curiam, 706 F.App'x 141 (4th Cir. 2017). The PSR adopted by the Court in sentencing Moss contains no mention of the ACCA's residual clause. Rather, the PSR details Moss's prior convictions including breaking and entering, assault with a deadly weapon, second degree murder, and conspiracy to possess with intent to distribute cocaine and cocaine base. ((3:08-cr-97, Doc. No. 81, p.8). The Court therefore had ample reason to apply the ACCA's sentencing enhancements in the absence of the unconstitutional residual clause. Moreover, these convictions constitute "three previous convictions . . . for a violent felony or a serious drug offense," 18 U.S.C. § 924(e)(1), such that any reliance by the Court on the ACCA's residual clause would constitute harmless error because the ACCA applies to him regardless.

IV. Conclusion

For the foregoing reasons, the Court DENIES Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

5

jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

IT IS SO ORDERED.

Signed: May 30, 2020

Frank D. Whitney
Chief United States District Judge