UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:08-cr-00097-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| KELVIN GERARD MOSS, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release, (Doc. No. 117). The Government has filed a response in opposition to the motion. (Doc. No. 120). While this motion was pending, the Bureau of Prisons ("BOP") transferred Defendant from McCreary U.S. Penitentiary in Kentucky to FCI Bennettsville in Bennettsville, South Carolina. (See Doc. No. 126, https://www.bop.gov/inmateloc/ (visited 5/5/2022). Also pending before the Court is Defendant's motion, which appears to seek additional time to reply to the Government's response and reiterates his health concerns. (Doc. No. 117). For the reasons that follow, the motions are DENIED.

Defendant relies on 18 U.S.C. § 3582(c)(1)(A) to seek a reduction in his sentence to time served. Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may

1

grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A)(i); see also Kibble, 992 F.3d at 330-31, 331 n.3 (per curiam).

    Here, Defendant contends he should be released from custody because of his multiple health conditions, arguing that these conditions put him at risk such that if he "were to come in contact with the Covid-19 virus he believes there would be suffering and even possibility of death." (Doc. No. 117, p. 2). To some extent, Defendant provides generic arguments regarding the COVID-19 virus, although his pleading is directed more to the COVID-19 conditions and impact at the facility where he was *previously* housed. Defendant's transfer out of McCreary U.S. Penitentiary has mooted his concerns about his vulnerability to contracting COVID-19 within that facility, as well as his concerns about the inability for his medical conditions to be treated there. The Court recognizes the serious nature of Defendant's asserted medical conditions; however, he has made no argument to this Court that remaining in BOP custody at his *current* place of confinement poses a greater risk to him than would otherwise exist if he were released to the community.[1]

---

[1] See e.g., United States v. Kibble, 992 F.3d 326, 333–34 (4th Cir. 2021) (Gregory, C.J., concurring) (noting specific conditions, when considered *collectively*, could satisfy a defendant's burden: "Here, Mr. Kibble identified three circumstances that, collectively, qualified as extraordinary and compelling: (1) the uncontrolled spread of COVID-19 at FCI Elkton, (2) his tricuspid atresia, and (3) his non-alcohol related cirrhosis of the liver. . . . At the time of Mr. Kibble's motion, nearly 25% of Elkton's population had contracted COVID-19; nine inmates had died as a result. The ACLU of Ohio and the Ohio Justice & Policy Center had named FCI Elkton as a defendant in a class action suit challenging the facility's conditions of confinement during the pandemic. And, at the time of Mr. Kibble's motion, Elkton was subject to a preliminary injunction aimed at correcting the facility's mismanagement. This combination of factors rightly gave rise to the extraordinary and compelling circumstances animating this case." (citations omitted)). In contrast, Defendant here has failed to provide a specific combination of factors arising out of the conditions at his current residential reentry center to support a finding of extraordinary and compelling reasons.

Defendant has requested additional time to update his arguments in a reply brief. (Doc. No. 126). Given the specific relief requested by Defendant in his original motion for compassionate relief, the Court finds that a reply brief is not the appropriate vehicle for advancing his arguments. Indeed, a reply brief would raise *new* arguments and potentially provide *new* evidence regarding the impact of COVID-19 at his *new* place of confinement, without allowing the Government the opportunity to respond. Moreover, it is unclear from this record whether Defendant has exhausted his administrative remedies with BOP at his current place of confinement. Therefore, based on the narrow arguments asserted in the motion for compassionate relief, the Court DENIES the motion WITHOUT PREJUDICE to Defendant's ability to file a new motion. This means the Court's ruling does not preclude a subsequent motion that asserts similar and/or different extraordinary and compelling reasons, including any that might be related to Defendant's new facility. For this reason, the Court declines at this juncture to consider the applicable factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). Also, should Defendant choose to file a new motion for compassionate release, the Court hereby DIRECTS the Government to file a response to the new motion in accordance with the Local Rules so that a prompt ruling can be made. The Government may incorporate any arguments already asserted to the Court in its response to the current motion in any new response filed.

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. No. 117) is DENIED WITHOUT PREJUDICE and Defendant's Motion for Extension of Time (Doc. No. 127) is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: May 5, 2022

_____
Frank D. Whitney
United States District Judge