# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:08-CR-00097-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| KELVIN GERARD MOSS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Reconsideration (Doc. No. 131) of this Court's Order denying his motion for compassionate release. For the reasons set forth below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

Defendant is 49 years old and is currently incarcerated at FCI Bennettsville. See https://www.bop.gov/inmateloc/ (last visited July 15, 2024). On January 14, 2009, a jury convicted Defendant of armed bank robbery, using a firearm in furtherance of a crime of violence, possessing a firearm as a convicted felon, and escape. (Doc. No. 65.) This Court sentenced him to life imprisonment, which at the time was the mandatory minimum sentence. (Doc. No. 92; Doc. No. 104, pp. 81–82.)

On December 28, 2020, Defendant filed a motion for compassionate release arguing his health conditions put him at an increased risk of complications or death if he were to contract COVID-19. (Doc. No. 117.) The Court denied Defendant's motion without prejudice after he was transferred from McCreary U.S. Penitentiary to FCI Bennettsville because neither Defendant nor the United States briefed the issue of COVID-19 conditions at his current facility. (Doc. No. 129.) On July 5, 2022, Defendant sought reconsideration of the Court's Order. (Doc. No. 131.) In his

1

motion for reconsideration, Defendant argues the length of his sentence, his health conditions, and the COVID-19 pandemic support his release.

## II.  STANDARD OF REVIEW

The Federal Rules of Criminal Procedure do not provide for motions for reconsideration. Typically, a party may move for reconsideration under the Federal Rules of Civil Procedure, which are inapplicable in a criminal proceeding. However, this Court retains discretion to reconsider its rulings and may rely on the Federal Rules of Civil Procedure to do so. See United States v. Dickerson, 166 F.3d 667, 678–79 (4th Cir. 1999), rev'd on other grounds, 530 U.S. 428 (2000); United States v. Garcia, No. 3:15-cr-00040, 2015 WL 7313425, at * 1 (W.D.N.C. Nov. 19, 2015) (applying Federal Rule of Civil Procedure 59(e) to a motion to reconsider in a criminal case); United States v. Gentry, No. 7:07-00294, 2011 WL 13172169, at * 1 (D.S.C. Apr. 7, 2011) (applying Dickerson in the post-trial context in a criminal case).

Defendant's original motion sought a reduction in his sentence in this case under 18 U.S.C. § 3582(c)(1)(A). A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[1] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

---

[1] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction,'" id. (quoting § 3582(c)(1)(A)), and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In 2023, the United States Sentencing Commission amended its policy statement to apply to defendant-filed motions for compassionate release, as permitted under the First Step Act of 2018, and expanded the list of circumstances sufficient to support such a motion under § 3582(c)(1)(A). See U.S. Sent'g Guidelines Manual § 1B1.13. The amendments became effective on November 1, 2023. Id. While Defendant filed his motion for compassionate release before the amendment became effective, this Court will evaluate the pending motion for reconsideration under the current policy statement. See United States v. Davis, 99 F.4th 647, 654 (4th Cir. 2024) ("[I]f a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.").

"Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A)) (citing United States v. Kibble, 992 F.3d 326, 331(4th Cir. 2021)). Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others: "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed education or

vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

### III. DISCUSSION

Defendant raises two issues in his motion for reconsideration: (1) the length of his sentence, and (2) the risk the COVID-19 pandemic presents to his health based on his underlying health conditions.

The first issue Defendant raises—the length of his sentence—is not a proper ground for reconsideration of the Court's 2022 Order. That Order did not address the length of Defendant's sentence because Defendant raised only COVID-19 and his health conditions as bases for compassionate release in his original motion. (See Doc. No. 117.) Further, the Court recently addressed the arguments Defendant raises concerning his life sentence in granting his petition under 28 U.S.C. § 2255, and he will be returned to this Court for resentencing consistent with that Order. (Doc. No. 142.)

The second issue Defendant raises—the risk of COVID-19 at FCI Bennettsville—is not an extraordinary and compelling reason to support his release under the Sentencing Commission's policy statement and the current data regarding COVID-19 available from the Bureau of Prisons. The policy statement now in effect authorizes the Court to find "extraordinary and compelling" reasons support release where a defendant is housed at a correctional facility "affected or at

imminent risk of being affected by an ongoing outbreak of infectious disease" or public health emergency as declared by the appropriate authorities, personal health risk factors increase the defendant's "risk of suffering severe medical complications or death" as a result of the disease or public health crisis, and that risk "cannot be adequately mitigated in a timely manner." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(D). In May 2023, the federal government ended the national state of emergency to respond to COVID-19. National Emergencies Act, Pub. L. No. 118-3, 137 Stat. 6 (2023). Therefore, § 1B1.13(b)(1)(D) supports Defendant's argument only if he can show he is housed at a correctional facility "affected or at imminent risk of being affected by an ongoing outbreak of infectious disease" to which he is particularly susceptible.

Defendant is not housed at a correctional facility "affected or at imminent risk of being affected" by an ongoing COVID-19 outbreak. FCI Bennettsville currently reports only three active cases of COVID-19 among 1,666 inmates, and approximately fifty-five percent of the inmate population is fully vaccinated against the virus. See https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited July 15, 2024). On this record, Defendant's susceptibility to COVID-19 does not present an extraordinary and compelling reason to reduce his sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration, (Doc. No. 131), is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: July 15, 2024

Frank D. Whitney
United States District Judge

5